UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------x

HU YI HUAN,

          Plaintiff,

    -against-

PRIME FOOD PROCESSING CORP.,

          Defendant.
----------------------------------------x

**MEMORANDUM AND ORDER**

17-CV-3938 (KAM)

MATSUMOTO, United States District Judge.

    Plaintiff Hu Yi Huan filed this *pro se* action on June 30, 2017. The plaintiff has paid the filing fee to bring this action. For the reasons discussed below, the plaintiff is granted thirty ("30") days from the date of this Order to file an amended complaint.

**STANDARD OF REVIEW**

    "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers" and interpreted to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). At the pleadings stage of the proceeding, the Court must assume the truth of "all well-

1

pleaded, nonconclusory factual allegations" in the complaint to determine whether they give rise to an entitlement to relief. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009)). Regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-364 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

**DISCUSSION**

The plaintiff's complaint fails to allege facts sufficient to support diversity jurisdiction or any discernible federal cause of action against the named defendant, Prime Food Processing Corp. The plaintiff checked the boxes on page four of the Complaint, indicating that his basis for federal court jurisdiction was diversity of citizenship and the existence of a federal question. (Complaint, ECF No. 1 at 4.) Under 28 U.S.C. § 1332, pertaining to diversity of citizenship,

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of

2

> a State and citizens or subjects of a foreign
> state who are lawfully admitted for permanent
> residence in the United States and are domiciled
> in the same State;
> (3) citizens of different States and in which
> citizens or subjects of a foreign state are
> additional parties; and
> (4) a foreign state, defined in section 1603(a)
> of this title, as plaintiff and citizens of a
> State or of different States.

28 U.S.C.A. § 1332 (West). No diversity of citizenship exists as both the plaintiff and the defendant are residents of New York State. (*See* ECF No. 1 at 1-2.)

"In the absence of diversity jurisdiction, federal-question jurisdiction is required." *Adames v. Taju*, 80 F. Supp. 3d 465, 467 (E.D.N.Y. 2015)(citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). Under 28 U.S.C. §1331, establishing federal question jurisdiction, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. "[T]he 'well-pleaded complaint' rule provides that 'federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.'" 80 F. Supp. 3d at 468 (citing *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 12 (2003)).

A plaintiff must provide a short and plain statement of claim against each named defendant such that the defendant has adequate notice of the claims against it. Fed. R. Civ.P. 8;

*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)(Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). The only facts alleged in the Complaint appear in the caption of the complaint form, where the plaintiff states: "Name in worked check wrong. Yi Huan Hu my name is Hu Yi Huan. Not give me original I filed the worked document. Wage lost hour." (ECF No. 1 at 1.) Even read liberally, plaintiff's minimal fact recitation does not state any discernible claim for relief and is insufficient to find a federal question. Nothing on the face of the Complaint suggests that the Constitution, laws, or treaties of the United States are at all implicated by his claim. As plaintiff failed to state a claim with facts conferring federal question or diversity jurisdiction, the claim may properly be dismissed. *Adames v. Taju*, 80 F. Supp. 3d at 467-468 (E.D.N.Y. 2015). However, in light of plaintiff's *pro se* status, rather than dismissing the complaint, the court grants plaintiff leave to file an amended complaint. *Id.* at 468.

## CONCLUSION

Plaintiff is given 30 days leave to file an amended complaint to allege facts sufficient to support a federal claim. *See Cruz v. Gomez*, 202 F.3d 593, 597-598 (2d Cir. 2000). Plaintiff is directed that the amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. Should

plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction and must set forth the factual allegations to support any claims against the named defendant. Plaintiff must identify the defendant in both the caption and the body of the amended complaint, and name as a proper defendant the individual who has some personal involvement in the actions plaintiff alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event. Even if plaintiff does not know the name of any defendant individual, plaintiff may identify the individual as John or Jane Doe, along with descriptive information and the John or Jane Doe's place of employment.

Plaintiff is advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint. The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order.

If plaintiff fails to comply with this order within the time allowed, judgment dismissing this action shall enter. No summons shall issue at this time and all further proceedings shall be stayed for 30 days. The Court certifies pursuant to 28

U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 269 U.S. 438, 444-45 (1962). The clerk is respectfully requested to mail a copy of this order to plaintiff at the address on the docket and note service on the docket no later than July 5, 2018.

SO ORDERED.                                        /s/
                                          **HON. KIYO A. MATSUMOTO**
                                          United States District Court

Dated:     Brooklyn, New York
           Jul 2, 2018